UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 02cr50 WQH |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| EID ABED DAGHLAWI (1), | |
| Defendant. | |

HAYES, Judge,

The matter before the Court is the motion for an order granting compassionate release (ECF No. 788) filed by the Defendant.

## FACTS

On October 6, 2005, Judgment was entered committing Defendant to the custody of the Bureau of Prisons for 188 months of imprisonment for Conspiracy to Distribute Listed Chemicals in violation of 21 U.S.C. §§ 846 and 841(c)(2). While serving this sentence, Defendant escaped during a furlough transfer and remained a fugitive for several years. On March 19, 2019, this Court amended the judgment, and reduced his custodial sentence to 148 months in custody. Defendant's estimated release date is May 19, 2025.

On June 15, 2020, Defendant filed a motion for release under 18 U.S.C. §3582(c)(1)(A) requesting that this Court order a reduction in his sentence with a

supervised release condition of home confinement for a period equal to the remaining time on his original sentence. Defendant asserts that he is 58 years old, suffers from serious medical conditions, and falls within the COVID-19 at risk group. Defendant asserts that the COVID-19 outbreak presents an extraordinary and compelling circumstance warranting his compassionate release. Defendant asserts that he should not be determined a danger to the community upon release.

Plaintiff United States contends that Defendant has failed to present any extraordinary and compelling reasons warranting a sentence reduction.[1] Plaintiff United States asserts that Defendant has failed to provide any medical evidence to support reducing his sentence and that conditions of confinement at FCI Big Springs, Texas do not support Defendant's release from custody. Plaintiff United States further asserts that §3553(a) factors weigh strongly against Defendant's release.

## RULING OF THE COURT

18 U.S.C. § 3582(c)(1)(A) provides:

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense

---

[1] Plaintiff United States agrees that Defendant has met the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

> or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).

Section 1B1.13 of the Sentencing Guidelines, adopted before the First Step Act, addressing a motion for sentence reduction by the Director of the Board of Prisons under 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction. . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) "Other reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1.   Application Note 1 § 1B1.13 provides for the following extraordinary and compelling reason:

> (A) Medical Condition of the Defendant.--
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic

    lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
(ii) The defendant is--
(I) suffering from a serious physical or medical condition,
(II) suffering from a serious functional or cognitive impairment, or
(III) experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Application Note 1 § 1B1.13.  The Sentencing Guideline provisions were not amended after the enactment of the First Step Act and apply only to a motion for sentence reduction by the Director of the Bureau of Prisons.  This Court takes these sentencing guideline provisions into account in determining whether a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  However, the Court finds that these provisions are not a limitation upon the Court's ability to determine whether a defendant has presented extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

    In this case, Defendant was initially sentenced to 188 months in the custody of the Bureau of Prisons for supervising and directing others in pseudoephedrine transactions. Defendant admitted that he had reasonable cause to believe the pseudoephedrine would be used to manufacture methamphetamine.  Applying the factors under 18 U.S.C. § 3553(a), the Court concluded that Defendant's participation in this serious offense supported the imposition of the 188 months sentence. Defendant's sentence was later reduced to 148 months.  Defendant has approximately five years left on his sentence.  The need for the sentence "to protect the public from further crimes of the defendant" and "to reflect the seriousness of the offense" under 18 U.S.C. §3553(a) continues to support the sentence imposed.

    Defendant's age, and health conditions do not serve as "extraordinary and compelling reasons" for his release.  18 U.S.C. § 3582(c)(1)(A)(i).  Defendant's medical conditions have been addressed by the Bureau of Prisons and do not support his release

under 18 U.S.C. §3582(c)(1)(A) at this time. The facts presented in this record show Bureau of Prisons has modified operational plans to address the risk of COVID-19 transmission and that there are currently no reports of COVID cases at the facility in which Defendant is currently housed. Defendant has failed to demonstrate factors set forth in 18 U.S.C. § 3553(a) that would support a reduction in the sentence imposed taking into account the seriousness of his offenses and the lengthy participation of this Defendant in the importation and distribution of controlled substances.

IT IS HEREBY ORDERED that the motion for an order granting compassionate release (ECF No. 788) is denied.

Dated: July 27, 2020

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court